[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came to contested hearing on the merits of this limited contested dissolution action and from the testimony and evidence the court makes the following findings of fact and conclusions of law.
The plaintiff whose maiden name was Linda CT Page 10268 Norton and the defendant intermarried at Middletown, Connecticut on February 17, 1968. The plaintiff has been a resident in this state for at least twelve months next preceding the date of this complaint (July 11, 1991). The court concludes that the marriage of the parties has broken down irretrievably and that a decree may enter dissolving the marriage. There are no children who are minors who have been born to the plaintiff since the date of the marriage.
During the course of this marriage the evidence establishes that the defendant, with reasonable basis in the eyes of the plaintiff, was a husband who drank excessively and was in all probability an alcoholic for many years. He created for her many of the problems incident to this disease and although there was no ongoing demonstrative physical cruelty, his actions certainly provided a great deal of mental stress to the plaintiff over the years. From her standpoint, although his conversation regarding doing away with her might not have been one of serious intent, it gave rise to fear on her part and cemented her — decision and conclusion that this marriage had broken down irretrievably.
The defendant to his credit for the past several years has stopped drinking and maintains himself in a productive mode and continuing sobriety.
The plaintiff suffers from chrons disease. This is in an apparent present state of remission but may pose serious health problems to her in the future. Being stress related to some extent, the dissolution of the marriage may lead to further relief from this ailment.
There are two grown children of the parties and monies that the defendant received from the sale of his service station a few years ago, arguably in the approximate amount of $40,000 has been utilized for family support in the interim with some contribution toward the education of at least one of the grown children.
This court concludes that the irretrievable breakdown of this marriage flows substantially more from the defendant husband than from the wife.
The defendant husband is now regularly employed and has good employment prospects into the future. CT Page 10269
The plaintiff wife has marketable skills demonstrated over the years as a waitress, secretary, bookkeeper and office worker. She is able to work and maintain gainful employment and her ability to continue to do this should increase as the stress of this marriage fades into the background. Taking into account the statutory criteria as spelled out Conn. General Statutes Sec. 46b-81 and 82, the court orders the defendant to pay to the plaintiff as alimony the sum of $100 per week for a period of five years. Thereafter, said alimony order is reduced to the sum of $50 per week.
The defendant is ordered to maintain the plaintiff as a beneficiary on his life insurance to the extent of $5,000 per year so long as this alimony order shall remain in effect.
The plaintiff is ordered to pay to the defendant as property settlement the sum of $65,000 on or before December 1, 1997. Said sum shall bear interest at the statutory judgment rate on and after said date if it shall not be paid when due. This shall be secured by a mortgage deed and note with all the usual covenants and clauses contained therein for secondary financing. The defendant is ordered to convey all of his right, title and interest in and to the property located in Cobalt, Connecticut as outlined on the parties financial affidavits to the plaintiff to be hers absolutely and she shall hold the defendant harmless in connection with any obligation under the existing mortgage or any cost incident to the ownership and maintenance of the property.
The defendant shall maintain the plaintiff on his medical insurance currently available through employment and maintain said insurance pursuant to appropriate Conn. Statute for three years at his cost. Thereafter she should bear the costs of her medical insurance.
The defendant is ordered to vacate the marital premises on or before December 15, 1992.
The defendant is ordered to turn over the sum in the escrow account of approximately $1,100 plus $1,000 in cash to the plaintiff forthwith. Horses located at the CT Page 10270 residential premises are assigned to the plaintiff to be hers absolutely. The various automobiles and whatever remains of the business equipment is assigned to the defendant to be his absolutely. With respect to the personal property at the household, there is assigned to the defendant and the court expects that the parties will enter into a reasonable division of such items of personal property to allow the defendant to set up an apartment for himself. In the event the parties cannot so decide on the breakdown of the division of the property the court will enter a supplemental order ordering all of the household furnishings sold and the proceeds divided 50/50. The defendant is ordered to hold the plaintiff harmless in connection with any other liabilities as shown on his financial affidavit and the plaintiff is similarly ordered to hold the defendant harmless from any other liabilities as discussed in this decision as shown on her financial affidavit.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.